**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

------------------------------------------------------------x
IN RE:                                          :
                                                :
    LAMPLIGHT CONDOMINIUM         :
        ASSOCIATION, INC.             :   Chapter 11
                                                :
                                                :   Case No. 17-20078 (JJT)
                DEBTOR     :
                                                :   RE: ECF Nos. 16, 18
------------------------------------------------------------x
LAMPLIGHT CONDOMINIUM ASSOCIATION, :
INC.                                            :
                                                :
              PLAINTIFF,      :
                                                :   Adv. Pro. 17-02007 (JJT)
V.                                              :
                                                :
BOARDWALK REALTY ASSOCIATES, LLC    :
                                                :
              DEFENDANT.     :
------------------------------------------------------------x

**<u>ORDER AND RULING DENYING DEFENDANT'S MOTIONS TO DISMISS</u>**

I.    INTRODUCTION

      Before the Court is the Amended Motion to Dismiss (ECF No. 16) filed by the Defendant, Boardwalk Realty Associates, LLC ("Receiver"), and the responsive Objection (ECF No. 18) filed by the Plaintiff, Lamplight Condominium Association, Inc ("Debtor"). The parties' briefs raise three fundamental issues pertaining to the interrelationship of state courts and federal bankruptcy courts in the context of a pending bankruptcy proceeding: 1) whether a state court order approving a receiver's interim accounting approved the fees and expenses of the receiver referenced in that report so as to bind this Court under the *Rooker Feldman* doctrine or *res judicata*; 2) whether a debtor must obtain permission of the state court to sue its receiver in

bankruptcy court for claims under 11 U.S.C. § 542 and § 543; and 3) whether a state court appointed receiver is otherwise immune from suit as an arm of the court. While reference to black letter law might seem to readily provide the appropriate responses to these inquiries, the answer here is not so simple. The facts, notions of fundamental fairness and federal authority under the Bankruptcy Code require a more refined analysis and deft reference to the jurisdiction of this Court. For the reasons stated below, the Amended Motion to Dismiss is denied.

II.   FACTS

The material facts related to this matter are not in dispute and have been sufficiently set forth in a Joint Stipulation of Facts and Documents (ECF No. 19).

III.   DISCUSSION

A. The *Rooker Feldman* Doctrine and *Res Judicata*

Neither the *Rooker Feldman* doctrine[1] nor principles of *res judicata*[2], which were well delineated in the parties' briefs, compel dismissal of this action. After examining the Order Appointing Receiver Pursuant to Agreement ("Appointment Order"), the Motion to Approve Receiver Boardwalk Realty Associates, LLC's October 6, 2016 Interim Accounting ("Motion to Approve Interim Accounting") and the Order Granting Motion to Approve Receiver's Report ("Order Approving Receiver's Report"), it is manifest that the Superior Court could not and did

---

[1] The *Rooker Feldman* doctrine recognizes that 28 U.S.C. § 1331, which provides that federal district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States, is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to the Supreme Court. *See McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007) (applying four factors: 1) the federal court plaintiff must have lost in state court; 2) the plaintiff must complain of injuries caused by a state-court judgment; 3) the plaintiff must invite district court review and rejection of that judgment; 4) the state court judgment must have been rendered before the district court proceedings commenced).

[2] *Res judicata* provides that a final judgment on the merits bars a subsequent action between the same parties over the same cause of action. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 502, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). The doctrine bars later litigation if an earlier decision was: 1) a final judgment on the merits; 2) by a court of competent jurisdiction; 3) in a case involving the same parties or their privies; and 4) involving the same cause of action. *See EDP Medical Computer Systems, Inc. v. U.S.*, 480 F.3d 621, 624 (2d Cir. 2007).

not allow approval and payment of the Receiver's compensation, and neither was such necessarily nor inextricably intertwined with the Superior Court's Order Approving Receiver's Report.

The source of the Receiver's authority and the process by which it was bound and governed is the Appointment Order, which, as a stipulation, is also a contractual limitation of the Receiver's power, authority and process. *See Citibank, N.A. v. Nyland (CF 8) Ltd.,* 839 F.2d 93, 98 (2d Cir. 1988) ("[The receiver's] authority is wholly determined by the order of the appointing court."); *see also Crites, Inc., v. Prudential Ins. Co. of America*, 64 S.Ct. 1075, 1079, 322 U.S. 408, 413, 88 L.Ed. 1356 (1944) ("[O]fficial duties as co-receiver were limited to those conferred upon him by the court"). The Appointment Order unequivocally provides the express terms regarding when and how the Receiver is to be compensated, from what source compensation is to be derived, and the requirement for requesting an allowance and disbursement of those fees. It reads, in pertinent part:

> c. The Receiver shall set aside in reserve an amount for the reasonable value of its services pursuant to this Order, plus a reasonable amount for its actual costs, including but not limited to, the premium for its aforementioned bond, its mileage, and other costs necessary and incidental to the performance of its duties pursuant to this order allocable for each building…
>
> e. The Receiver shall pay the Petitioner the arrearage in the amount set forth above for each building until said arrearage has been fully paid…
>
> 9. That the Receiver should notify the clerk of this court forthwith upon the satisfaction of the arrearage of each building which was the subject of the original petition, submit to this court a request for allowance of fees, costs and disbursement for its services, and file at that time an accounting of all proceeds and disbursements.[3]

As the source of the Receiver's authority and limitations, the Appointment Order specifically delineates both the Superior Court's and the parties' intention as to the process for

---

[3] Appointment Order, Pl. Ex. A.

awarding compensation. As such, its mandate takes precedence over a generalized motion that fails to explicitly address the operative effect of the Appointment Order.  Neither the Motion to Approve Interim Accounting, nor the Order Approving Receiver's Report abrogate, modify or supersede the provisions of the Appointment Order. Accordingly, this Court further finds:

(1) The Receiver, as a fiduciary and officer of the Court, owed to the Superior Court and the parties the fundamental duty of fairness and disclosure. *See In re Crespo*, 561 B.R. 25, 34 (Bankr. D. Conn. 2016) (quoting *In re C.M. Piece Dyeing Co.*, 89 F.2d 37, 40 (2d Cir. 1937) (Hand, C.J. )) ("[A] receiver is a fiduciary, he undertakes to care for the property and manage it for the creditors, to act with assiduity and with reasonable competence.").  A fiduciary duty is the highest standard of care in either equity or law.  The lack of reasonably explicit notice as to the precise nature of the relief being sought, and its variance from the Appointment Order, is not consistent with those duties. See *Phelan v. Middle States Oil Corp.*, 154 F.2d 978, 991 (2d Cir.1946) ("[Receiver] is bound to act fairly and openly with respect to every aspect of the proceedings before the court. The court…[has] the right to expect…[that] the receiver, will not fail to reveal any pertinent information.") (internal quotations omitted).

(2) Pursuant to the Appointment Order, the Receiver was entitled to reserve funds for its compensation, but not entitled to payment of its compensation until and unless utility charges were satisfied, or the Receiver was discharged, after notice and hearing, and upon the submission to the Superior Court, of a request for allowance of fees, costs and disbursements for its services, with an accounting of all proceeds and disbursements.

(3) As the Appointment Order directed the establishment of such a reserve for the Receiver's compensation and its payment only after a request, and after all utility charges were paid: (a) the Motion to Approve Interim Accounting logically could not demonstrate a disbursement

of funds for compensation, as it had not been previously authorized; and (b) the Motion to Approve Interim Accounting could fairly be read to merely account for the disbursement of funds to the reserve. To the extent that the Motion to Approve Interim Accounting is argued to provide otherwise, such would be inequitable, mistaken or misleading, and the Receiver should be equitably estopped from claiming a duly authorized disbursement of its compensation.

(4) As a matter of fundamental fairness and due process, the Motion to Approve Interim Accounting failed to adequately and fairly apprise the Superior Court and parties of the relief sought, and of its basis. *See In re Yellow Cab Co-op. Ass'n*, 185 B.R. 844 (Bankr. D. Colo. 1995) (justifying review of fees by a receiver regardless of whether the fees have been approved by the appointing court, particularly when a cursory approval of receivership fees offends basic principles of notice and due process).

(5) Nowhere in the Motion to Approve Interim Accounting does the Receiver request that the terms of the Appointment Order be varied, modified or superseded so as to allow for the immediate allowance and payment of its compensation.

(6) In the absence of the Superior Court's granting a request for the allowance of compensation, or entry of an order superseding the Appointment Order, the Order Approving Receiver's Report does not operate as a final order entitled to judicial deference under *Rooker Feldman* or the principles of *res judicata*. *See In re Automotive Professionals, Inc.*, 2007 WL 1958595, at *8 (Bkrtcy.N.D.Ill. 2007) (finding that Rooker Feldman did not preclude grant of Trustee's turnover motion where state court order was not final judgment).

B. Permission to Sue Receiver

Through 11 U.S.C. § 543, Congress has authorized bankruptcy courts, under the Supremacy Clause of the United States Constitution, to review and conclude matters relating to a state court receivership, once a bankruptcy petition is filed. 11 U.S.C. § 543(b) applies to "custodians", which include a "receiver or trustee of any property of the debtor, appointed in a case or proceeding not under this title". *See* 11 U.S.C. § 101(11)(A). Since receivership property becomes property of the bankruptcy estate after the filing of a petition, receivership assets, formerly in *custodia legis* of the state court become contained within the domain of the bankruptcy court. *See In re Sundance Corp., Inc.*, 149 B.R. 641, 650 (Bankr. E.D. Wash. 1993); 11 U.S.C. § 543.

Here, the Receiver became a custodian under 11 U.S.C. § 101(11)(A) at the time the Debtor's Chapter 11 case was filed, and as such, owed a statutory duty to deliver to the estate any property of the Debtor in its possession. Consequently, the Debtor did not need to obtain permission from the state court to bring this suit against the Receiver, as the Bankruptcy Code contains the controlling federal law on the subject, and the Bankruptcy Court has plenary power to decide all issues concerning such charges against that property. *Sundance*, 149 B.R. at 650; *see also Automotive Professionals*, 2007 WL 1958595, at *7 ("Just as a state court order appointing a receiver cannot prevent a debtor from filing for bankruptcy, a debtor need not obtain the approval of the state court to obtain control of property of the estate.") (internal citation omitted).

C. Sovereign Immunity

The Receiver has also asserted sovereign immunity as a bar to this action. Whether the Receiver is the State for that purpose, or may otherwise be entitled to quasi-judicial immunity is unclear. The Court need not decide whether the Receiver is a sovereign entitled to sovereign immunity because the Supreme Court held that in enacting § 106(a), Congress codified the States' concession of their right to assert a sovereign immunity defense brought pursuant to laws on the subject of bankruptcies. *See Central Virginia Community College v. Katz,* 126 S.Ct. 990, 1004, 546 U.S. 356, 377, 163 L.Ed.2d 945 (2006). To the extent any other immunity may apply, it has not been briefed, may depend upon the conduct assailed and/or the ultimate relief requested in the Complaint, and will not be decided herein. Any such defense is hereby reserved as an affirmative defense in response to the Complaint.

IV. CONCLUSION

For the foregoing reasons, the Receiver's Amended Motion to Dismiss is DENIED.

Dated at Hartford, Connecticut this 5th day of May 2017.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut